UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLARD HURLEY, | ) | CIV. 10-4165-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | ORDER |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY and | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Willard Hurley, alleges a bad faith claim against defendants, State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co. (collectively State Farm). State Farm moves for two preliminary rulings. Docket 26. Hurley moves to compel discovery. Docket 29. Hurley also moves to continue State Farm's motion for preliminary rulings. Docket 32.

## BACKGROUND

The pertinent facts to this order are as follows:

During the relevant time period, Hurley maintained auto coverage and umbrella coverage policies with State Farm. Hurley had underinsurance coverage with a limit of $250,000 per person, $500,000 per accident, and umbrella coverage with a limit of $5,000,000.

On October 21, 2007, Hurley was injured in an automobile accident as a result of another driver's actions. The other driver had personal liability insurance limits of $100,000, which was an insufficient amount to compensate Hurley. Hurley notified State Farm of this offer of policy limits and State Farm was offered the opportunity to substitute its own draft. State Farm declined and did not object to the settlement. On June 26, 2009, Hurley accepted the limits of the other driver's policy and entered into a release with the driver.

Hurley then filed a claim with State Farm, which denied his claim. Hurley brought suit against State Farm to recover under the underinsured motorist (UIM) provisions of his policy. After about one year of litigation, State Farm made an unconditional payment of $340,000 to Hurley and later paid an additional $200,000 to resolve the case. Hurley claims that he incurred $180,000 in attorney's fees and suffered mental and emotional distress in pursuing his UIM case.

## DISCUSSION

### I. Motion for Preliminary Rulings and Motion to Continue

State Farm moves for two preliminary rulings: (1) an order prohibiting Hurley "from offering post-filing conduct, which includes exhibits, eliciting any testimony, or making any comment or argument during trial regarding the settlement reached between Plaintiffs and Defendants in the underlying

contract action[;]" and (2) "an Order prohibiting Plaintiff from arguing, pursuing, or advocating for the recovery of attorneys' [sic] fees in this bad faith action." Docket 26 at 1-2. Hurley moves to continue the resolution of this motion until his motion to compel has been decided.

The local rules require the moving party to identify "the Federal Rule of Civil Procedure on the basis of which the motion is made." D.S.D. Civ. LR 7.1B. State Farm has not identified under which federal rule the motion for preliminary rulings is made. The court has not found a federal rule to support State Farm's motion for preliminary rulings at this stage of litigation.

Without a basis in the federal rules, the court is unable to review the facts under the proper standard of review. The court would essentially be issuing an advisory opinion if it were to rule on State Farm's motion. But "[u]nder Article III of the United States Constitution, courts are prohibited from issuing advisory opinions." *Pub. Water Supply Dist. v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005).

The court could construe State Farm's request number one as a motion in limine. But discovery has not been completed and a trial is not scheduled in this case. If, after completing discovery, State Farm believes that a ruling on request number one is necessary, it can move in limine for such an order closer to the time of trial.

Request number two appears to be a summary judgment motion or a motion for judgment on the pleadings. State Farm's motion is not properly made as a summary judgment motion because State Farm did not include undisputed statements of fact with its motion as is required by the district's local rules. If State Farm intended this to be a motion for judgment on the pleadings, it should have cited the relevant standard and set forth its argument based on that standard. State Farm may refile this motion in accordance with the federal and local rules at a later time. Thus, State Farm's motion for preliminary rulings is denied without prejudice. Hurley's motion to continue is denied.

## II. Motion to Compel

Hurley moves to compel discovery from State Farm on his second set of interrogatories and request for production of documents. State Farm answered some of Hurley's interrogatories and requests. The parties met and conferred but were unable to resolve all of their issues.

The federal rules allow for discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While Rule 26(b) forbids "fishing expeditions in discovery," the relevancy standard for "discovery is broader than in the context of admissibility." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). The party seeking the discovery must

make a threshold showing of relevancy before the court orders the resisting party to produce the information. *Id.* If the information sought is relevant, the party resisting discovery bears the burden to show that producing the information would be unduly burdensome or prejudicial. *St. Paul Reins. Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) (citation omitted).

### A. Post-Filing Conduct

Interrogatory numbers 6-10 and requests for production numbers 1, 14, and 15 concern State Farm's conduct that occurred after Hurley filed his UIM claim with State Farm. Hurley seeks the information to understand why State Farm changed the valuation of his claim. State Farm, relying on *Dakota, Minnesota and Eastern Railroad Corp. v. Acuity*, 771 N.W.2d 623 (D.S.D. 2009), originally refused to provide the requested information. State Farm later offered to provide the requested information, but not any information that references attorney-client communications or attorney work product. After Hurley moved to compel, State Farm provided all documents except those that it alleges are protected by the attorney-client privilege.

State law supplies the rules of decision for attorney-client privilege in diversity cases. Fed. R. Evid. 501. Because this is a diversity case and South Dakota law is the governing substantive law, South Dakota law supplies the law on privilege.

The party claiming a privilege has the burden of establishing that the privilege exists. *Acuity*, 771 N.W.2d at 637 (citing *State v. Catch the Bear*, 352 N.W.2d 640, 645 (S.D. 1984)). The attorney-client privilege protects from disclosure "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client[.]" SDCL 19-13-3. There are four minimum elements necessary to invoke the attorney-client privilege: "(1) a client; (2) a confidential communication; (3) the communication was made for the purpose of facilitating the rendition of professional legal services; and (4) the communication was made in one of the five relationships enumerated in SDCL 19-13-3." *Catch the Bear*, 352 N.W.2d at 645.

"When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must expressly make the claim; and describe the nature of the documents[.]" Fed. R. Civ. P. 26(b)(5)(A). If a party claims that the attorney-client privilege protects a document, then it must submit a privilege log to the requesting party. *Acuity*, 771 N.W.2d at 637.

This court has recently reiterated the necessity of providing a privilege log when asserting the attorney-client privilege in refusing to comply with a discovery request. *Taylor v. Pilot Travel Ctrs., LLC*, No. 09-4170-KES, 2011 WL 542123, at *4-5 (D.S.D Feb. 8, 2011); *see also Black v. Pilot Travel Ctrs., LLC*, No. 09-4170-KES, 2011 WL 3421595, at *2-3 (D.S.D. Aug. 4, 2011) (reasoning that Rule 37 sanctions were appropriate when "the court had to instruct [the

party] to follow its *mandatory* obligation to produce a privilege log" and, had the party produced the log, the requesting party would not have moved to compel production of the requested documents (emphasis in original)). When documents may contain information protected by the attorney-client privilege, courts may conduct an in camera review of the documents. *Arnoldy v. Mahoney*, 791 N.W.2d 645, 650 (S.D. 2010); *Acuity*, 771 N.W.2d at 637.

State Farm did not provide Hurley with a privilege log detailing the documents it intends to withhold; thus, it failed to meet its procedural duty under the federal rules. Failing to provide a privilege log causes unnecessary delay and expense for all parties. But State Farm's failure to follow clearly established procedure should not result in attorney-client privileged documents being released to the detriment of the client.

If State Farm wants the court to review the documents that are allegedly protected by the attorney-client privilege, it must create a proper privilege log and submit those documents under seal for the court's in camera review. After the court conducts an in camera review, it will also review the parties' briefing on whether the information sought is relevant in a bad faith case and whether State Farm waived the attorney-client privilege. *See Black v. Pilot Travel Ctrs., LLC*, No. Civ. 09-4170-KES, 2011 WL 1828039 (D.S.D. May 12, 2011) (resolving the relevancy issues after conducting an in camera review). In the

alternative, State Farm must produce the documents sought directly to Hurley.

### B. Interrogatory Number Five

Because the parties resolved Hurley's motion regarding interrogatory number five, Hurley withdraws his motion regarding that request. The motion to compel on interrogatory number five is denied.

### C. Requests for Production Numbers 9 and 10

In request for production number 9, Hurley seeks disclosure of "all human resources manuals, salary administration manuals, personal bulletins or manuals, orientation booklets, directives, memos, or other documents in use for the previous ten years to inform claims personnel of" how they can receive "salary increases, bonuses, or commissions." Docket 31-4 at 6. In request for production number 10, Hurley seeks "all documents relating to performance goals and how they relate to manager's bonuses, for the past ten years." Docket 31-4 at 6. In his reply brief, Hurley limited the time period to "the previous five years of bonus and salary information." Docket 39 at 13. State Farm has produced the bonus and salary information for Judy Prenzler and Steve Ladig, the State Farm employees who directly handled Hurley's UIM claim.

It is well established in this district that information about bonuses and incentives for upper-level employees is generally discoverable in cases alleging

that an insurance company acted in bad faith in denying an insured's claim in violation of South Dakota law. *See, e.g.*, *Kirschenman v. Auto-Owners, Ins.*, ___ F.R.D. ___, No. 09-4190, 2012 WL 548857, at *7-8 (D.S.D. Feb. 21, 2012) (compelling defendants to produce the personnel files, including bonuses and incentive information, for all supervisors leading up the chain of command in a bad faith case), *adopted in full by* Civ. 09-4190, Docket 53 (D.S.D. Apr. 18, 2012); *Fair v. Royal & Sun Alliance*, ___ F.R.D. ___, 2012 WL 90478, at *10 (D.S.D. Jan. 11, 2012) (reasoning that supervisors' "scorecards" for their teams' performances were relevant and discoverable in a bad faith case because "[p]laintiff's theory of her case appears to be that defendants brought institutional pressure to bear on its employees to deny claims[.]"); *Torres v. Travelers Ins. Co.*, Civ. 01-5056-KES, Docket 327 at 29-31 (D.S.D. Sept. 30, 2004) (reasoning that incentive programs were relevant and discoverable in a bad faith case).

     Moreover, the South Dakota Supreme Court has reasoned that it is necessary to show that a company policy or practice existed to sustain a punitive damages award against a company because it is the intent of the company's management, not its low-level employees, that is the critical factor in the punitive damages analysis. *Roth v. Farner-Bocken Co.*, 667 N.W.2d 651, 667 (S.D. 2003) (reversing a jury's verdict of punitive damages when there was

"no evidence that the conduct reflected a company policy or practice."); *see also Pulla v. Amoco Oil Co.,* 72 F.3d 648, 659-61 (8th Cir. 1995) (reviewing the company's conduct in determining whether a punitive damages award was excessive). Thus, the information sought is relevant to Hurley's bad faith and punitive damages claims.

State Farm contends that it has complied with requests numbers 9 and 10 because it produced the personnel files for Prenzler and Ladig.[1] But this is not the scope of Hurley's discovery requests. Hurley did not limit his requests for bonus and incentive programs to Prenzler and Ladig. Instead, requests numbers 9 and 10 broadly seek "all" information relating to bonus and incentive programs. State Farm may not unilaterally limit the scope of Hurley's requests and then represent to the court that it has complied with the requests.

State Farm further objects to producing documents for the previous ten years. In his reply brief, Hurley agreed to limit the time frame for requests numbers 9 and 10 to the previous five years. While State Farm did not receive an opportunity to respond to this modification, it argued in its opposing brief that the time frame should be limited to July 6, 2009, the day that Hurley

---

[1] In its answer to Hurley's requests for production, State Farm stated that documents relating "to the relevant salary increases or bonuses that applied to either Judy Prenzler or Steve Ladig at the time Plaintiff made his claim for underinsured motorist benefits" would be provided. Docket 31-1 at 9-10.

settled his claim with the other driver, and thereafter. Hurley argues that changes in trends for bonus and incentive programs could lead to relevant information.

Courts have allowed discovery into bonus and incentive programs for up to a ten-year time period. *Kirschenman*, 2012 WL 548857, at *11, *adopted in full by* Civ. 09-4190, Docket 53. Thus, the five-year time period proposed by Hurley is reasonable. State Farm is ordered to produce the information sought in requests numbers 9 and 10 for the five-year time period.

### D. Request for Production Number 13

In request for production number 13, Hurley seeks "all documents . . . which relate to whether [State Farm] may withhold undisputed portions of UIM benefits from a policyholder until all disputed portions of the claim are resolved." Docket 31-4 at 6. State Farm produced a portion of the Automobile Insurance Company's claims manual. Hurley moves to compel production of the entire claims manual.

State Farm contends that because Hurley did not request the claims manual, it does not need to produce the entire manual. *See* Docket 35 at 13 ("Plaintiff should be held to the precise wording of his request for production number thirteen[.]"). Hurley does not work for State Farm and cannot be expected to know that the claims manual contains the information sought in request number 13. Instead, Hurley broadly sought "all documents," not

11

portions of documents, pertaining to withholding UIM benefits. The claims manual could lead to relevant information and provides context for the information relating to how UIM claims are handled. Thus, State Farm is ordered to produce the entire claims manual.

## II.     Attorney's Fees

Hurley seeks reasonable attorney's fees for bringing his motion to compel. Attorney's fees are available if a motion to compel is granted or granted in part and denied in part. *See generally* Fed. R. Civ. P. 37 (providing the scheme for sanctions on a motion to compel). "But the court must not order [a] payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Because the court has granted an in camera review of documents purported to be protected by the attorney-client privilege, it is unknown whether a substantial justification exists for State Farm's refusal to provide the allegedly privileged documents. If, after the court conducts its in camera review,[2] Hurley still feels that sanctions are appropriate, he can resubmit his motion for costs and fees and State Farm can respond to Hurley's arguments. Accordingly, it is

---

[2] Alternatively, if State Farm chooses not to submit the documents for an in camera review but instead provides Hurley with the documents, then Hurley may resubmit his motion for costs and fees after receiving the documents.

12

ORDERED that defendants' motion for preliminary rulings (Docket 26) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to continue (Docket 32) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to compel (Docket 29) is granted in part. Defendants have until **May 22, 2012**, to create a proper privilege log and submit to the court for an in camera review the documents it believes are protected from disclosure by the attorney-client privilege. After the court conducts the in camera review, plaintiff will have **14 days** to resubmit his motion for sanctions and defendants will have **14 days** to respond.

Dated May 7, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE