UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLARD HURLEY, | ) | CIV. 10-4165-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | ORDER DENYING DEFENDANTS' |
| AUTOMOBILE INSURANCE | ) | MOTION FOR PARTIAL SUMMARY |
| COMPANY and | ) | JUDGMENT |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Willard Hurley, alleges a bad faith claim against defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively State Farm). State Farm moves for partial summary judgment on the issue of attorney's fees. Docket 52. Hurley opposes the motion. For the following reasons State Farm's motion is denied.

**BACKGROUND**

The pertinent facts viewed in the light most favorable to plaintiff are as follows:

Hurley maintained auto coverage and umbrella coverage policies with State Farm. Hurley had underinsurance coverage with a limit of $250,000 per person, $500,000 per accident, and umbrella coverage with a limit of $5,000,000. Docket 54 at 1.

On October 21, 2007, Hurley was injured in an automobile accident as a result of another driver's actions. The other driver had personal liability insurance limits of $100,000, which was an insufficient amount to compensate Hurley. On June 26, 2009, Hurley accepted the limits of the other driver's policy and entered into a release with the driver.

Hurley then filed a claim with State Farm for underinsured motorist benefits, which State Farm initially denied. Hurley brought suit against State Farm for breach of contract to recover under the underinsured motorist provisions of his policy. After nearly one year of litigation, State Farm made an unconditional payment of $340,000 to Hurley and later paid an additional $200,000 to resolve the case.

The parties entered into a settlement agreement to resolve the breach of contract action. They agreed that State Farm's payment of $540,000 was in consideration for Hurley to "fully and forever release and discharge State Farm . . . from any and all claims, demands, obligations, actions, causes of action, and all liability on account of any losses, injuries, damages, costs and expenses, including those now or hereafter arising, directly or indirectly, as a result of [the October 21, 2007, accident]." Docket 64-1 at 2. The parties specifically agreed, however, that the settlement did not "release [Hurley's] right to pursue a bad faith claim against State Farm." Docket 64-1 at 2. The agreement also stated that the $540,000 was "in consideration for physical injury . . . [and] that all payments by State Farm are solely attributable to all

of the undersigned's claims arising out of and derivative of physical injuries and/or sickness related to the accident[.]" Docket 64-1 at 3.

Following the settlement and in accordance with a joint stipulation for dismissal, United States District Judge Roberto A. Lange dismissed Hurley's breach of contract action with prejudice. Docket 64-2 ("ORDERED that this action is hereby dismissed without costs and with prejudice, each party to pay their own costs.").

The action currently pending before this court is Hurley's bad faith claim. As part of his bad faith claim, Hurley is seeking damages that include $180,000 in attorney's fees that were allegedly incurred during the breach of contract litigation. State Farm moves for partial summary judgment with regard to any claim Hurley has to the attorney's fees that were expended in the breach of contract litigation. In addition to considering the briefs of both parties, the court also heard oral arguments on the motion.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows

that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). Once the moving party has met its initial burden, the "nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

State Farm moves for summary judgment on the issue of attorney's fees expended by Hurley during the breach of contract litigation. Hurley claims that he is entitled to such attorney's fees as an element of compensatory damages in his bad faith action.[1]

## I.   Attorney's Fees as Compensatory Damages

During oral argument, State Farm argued that an insured can only receive attorney's fees expended in a breach of contract action if said fees are awarded pursuant to SDCL 58-12-3. State Farm argues that attorney's fees incurred during a breach of contract action are not recoverable as

---

[1] Hurley previously argued that he could also seek attorney's fees under SDCL 58-12-3. Hurley conceded this claim during oral argument.

compensatory damages in a later bad faith action. State Farm has not provided the court any authority that supports its proposition. The relevant case law, while limited, does not support State Farm's position. The cases applying South Dakota law demonstrate that attorney's fees generated while litigating a separate breach of contract action are recoverable as compensatory damages in a subsequent bad faith action. *See Kirchoff v. American Cas. Co., of Reading, Pa.*, 997 F.2d 401, 406-07 (8th Cir. 1993) (applying South Dakota law and noting that the plaintiff was allowed to recover attorney's fees generated in a breach of contract action as "actual damages" in a subsequent bad faith action); *Biegler v. Am. Family Mut. Ins. Co.*, 621 N.W.2d 592, 603 (S.D. 2001) (noting that the parties "acknowledged that the pecuniary damages (i.e., out-of-pocket expenses) would be the amount of the settlement and any attorney fees and costs incurred by the insured in defending himself and in procuring the settlement").

Because the case law in South Dakota on this specific issue is limited, the court will analyze the issue more thoroughly to ensure that the South Dakota Supreme Court would conclude that attorney's fees incurred in a previous breach of contract action are recoverable as compensatory damages in a bad faith action.

Under South Dakota law, the bad faith claim alleged here is an intentional tort. *Hein v. Acuity*, 731 N.W.2d 231, 235 (S.D. 2007) ("First-party bad faith . . . is an intentional tort and typically occurs when an insurance

company consciously engages in wrongdoing during its processing or paying of policy benefits to its insured."); *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 760 (S.D. 1994) ("[T]he tort of bad faith is an intentional tort."). The general measure of damages in a tort action "is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." SDCL 21-3-1; *Biegler*, 621 N.W.2d at 604. Attorney's fees generated in pursuing a breach of contract claim against an insurance company are certainly a detriment proximately caused by an insurer's bad faith refusal to pay policy benefits. When an insurer refuses to pay policy benefits, an insured is essentially forced to bring a breach of contract action if he wants to recover policy benefits. This causes the insured to incur attorney's fees. If the insurer acted in bad faith when refusing to pay policy benefits, it is that tortious conduct that compelled the insurer to retain an attorney. Simply put, the attorney's fees are an economic loss, *i.e.*, detriment, proximately caused by the tort.

Both in its brief and during oral argument, State Farm relied on the fact that South Dakota adopted the "American Rule." Under the American Rule, attorney's fees may only be awarded if provided for by contract or when specifically authorized by statute. *Credit Collection Serv., Inc. v. Pesicka*, 721 N.W.2d 474, 476 (S.D. 2006). The South Dakota Supreme Court, however, has held that attorney's fees are recoverable in actions sounding in tort if those fees are "incurred in *other litigation* which is necessitated by the act of the

6

party sought to be charged." *Jacobson v. Leisinger*, 746 N.W.2d 739, 743 (S.D. 2008) (cited with approval in *Brown v. Hanson*, 798 N.W.2d 422, 432 (S.D. 2011)). In *Jacobson*, the supreme court reasoned that because the tortfeasor's conduct forced the tort victim to initiate prior litigation, the tort victim could recover the attorney's fees from that previous litigation. *Jacobson*, 746 N.W.2d at 743. The same reasoning can be applied here. If State Farm acted in bad faith, as Hurley alleges, it is that tortious conduct that forced Hurley to hire an attorney to pursue his breach of contract claim. Hurley had no other option if he wanted to receive the benefits under his policy. Therefore, the breach of contract action was necessitated by State Farm's alleged bad faith.[2]

Allowing an insured to recover attorney's fees incurred during a breach of contract action in a bad faith tort action would not be a "stretch" of South Dakota law by any means. The South Dakota Supreme Court has held that "in conversion cases, the reasonable and necessary expenses incurred in recovering the property are a proper element of damage. . . . Therefore, [plaintiff] is entitled to reasonable attorney fees incurred in recovering the

---

[2] In *Jacobson*, the supreme court required that the "damages must be bifurcated between attorney fees incurred as a result of the conversion litigation as compared to attorney fees incurred in recovering possession of the property. The former are not compensable, the latter are." 746 N.W.2d at 743. This requirement is easily met here. The attorney's fees incurred litigating the breach of contract are easily separated from Hurley's bad faith action. Thus, as noted in *Brown*, the fees are "separable and recoverable." 798 N.W.2d at 432 (citing *Jacobson*, 746 N.W.2d at 743).

release of her property."[3] *Jacobson*, 746 N.W.2d at 743. Likewise, in a breach of warranty action, the supreme court allowed a plaintiff to recover legal fees incurred while attempting to clear the title to a vehicle that formed the basis for the breach of warranty claim. *Colton v. Decker*, 540 N.W.2d 172, 178 (S.D. 1995) ("As an element of damages, the attorney's fees were reasonable expenses incident to the impoundment for clouded title."). A similar result was reached in *Foster v. Dischner*, 212 N.W. 506 (1927). In *Foster*, the plaintiff sued for attorney's fees incurred to release an unlawful levy of his property. The supreme court found that the plaintiff was entitled to attorney's fees as damages incurred in releasing the levy. *Id.* at 507. Just recently, the supreme court determined that a plaintiff could recover attorney's fees that were incurred to restore a slandered title. *Brown*, 798 N.W.2d at 432. The supreme court reasoned that because the defendant "was the cause of the litigation," attorney's fees are recoverable as damages. *Id.* at 432-33. These cases illustrate previous situations where the South Dakota Supreme Court has

---

[3] An insurer's failure to pay policy benefits is similar to a conversion. If the insured is successful in receiving benefits through his breach of contract action, then it can be said that he had a right to possess such benefits all along. The insurer's withholding of such benefits, then, would be analogous to a conversion. Succeeding on a breach of contract action is not enough, however, for the insured to recover his attorney's fees. The insured must also show, in a separate action, that the insurer withheld the benefits in bad faith. If the insured is successful on his bad faith claim, then it follows that the insurer "cannot argue in good faith that [it] believed the money could legally remain in [its] possession." *See Jacobson*, 746 N.W.2d at 742.

found it appropriate to award attorney's fees in the absence of a contract or specific statute.

Moreover, allowing an insured to recover attorney's fees in this situation aligns with South Dakota policy. The South Dakota Supreme Court has continuously recognized the independent tort of bad faith in the insurance context. This recognition has allowed insureds to bring an action that is entirely separate from the standard breach of contract action, and with this separate action comes all the damages available thereunder. Further, in passing SDCL 58-12-3, the South Dakota legislature explicitly recognized that an insured can recover attorney's fees from an insurer following a successful breach of contract action if the insurer withheld benefits vexatiously or without reasonable cause. Thus, it is consistent with South Dakota's public policy to allow an insured to recover the attorney's fees incurred during a breach of contract action in a separate bad faith action.

State Farm also argued that the existence of SDCL 58-12-3 precludes the allowance of attorney's fees as compensatory damages. State Farm argued that because the legislature set forth a specific route to recover attorney's fees in an insurance context, one must directly comply with the statute in order to have any chance of recovering such fees. The language in SDCL 58-12-3, however, says just the opposite. SDCL 58-12-3 reads: "allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort

9

or contract, that an insured may have against the same insurance company or self-insurer arising out of its refusal to pay such loss." The South Dakota legislature was clear that SDCL 58-12-3 was not meant to limit any other remedy available under South Dakota law, including all remedies available through a bad faith action. As discussed in detail above, attorney's fees incurred while litigating a breach of contract claim are recoverable in a bad faith action as compensatory damages. Thus, the existence of SDCL 58-12-3 does not preclude the allowance of attorney's fees as compensatory damages.

In summary, the court predicts that the South Dakota Supreme Court would conclude that a bad faith claim can support an award of compensatory damages that includes as an element the attorney's fees expended in a previously litigated breach of contract action. This finding alone, however, does not end the inquiry.

## II.   Res Judicata

State Farm also argues that Hurley's claim for attorney's fees is barred by the settlement agreement under the doctrine of res judicata because Hurley released any claim to such fees. "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a final judgment on the merits for purposes of *res judicata*." *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999) (internal quotations omitted) (applying federal res judicata law in a diversity case). What the parties actually agreed to

dismiss "depends upon the proper interpretation of their settlement agreement—a legal inquiry governed by the parties' intent at the time of settlement." *Id.* Thus, the issue here is whether the parties, by means of their settlement agreement, agreed to dismiss any claim Hurley had to attorney's fees as compensatory damages sought under a bad faith action.

In this diversity case, the settlement agreement must be construed according to South Dakota law. *See id.* at 732-33 (citing *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999)). "A settlement agreement is contractual in nature and subject to the same rules of construction as contracts." *In re Estate of Neiswender*, 660 N.W.2d 249, 252 (S.D. 2003). "[I]n determining the proper interpretation of a contract the court must seek to ascertain and give effect to the intention of the parties." *Hisgen v. Hisgen*, 554 N.W.2d 494, 496 (S.D. 1996) (internal quotation omitted). The court relies on the language used in the contract to determine the intention of the parties. *Malcolm v. Malcolm*, 365 N.W.2d 863, 865 (S.D. 1985). If the terms of the settlement agreement are clear and unambiguous, the court has the inherent power to summarily enforce it. *Lewis v. Benjamin Moore & Co.*, 574 N.W.2d 887, 888 (S.D. 1998). Otherwise, an evidentiary hearing is necessary to resolve a substantial factual dispute. *Id.* Here, the parties conceded during oral argument that the settlement agreement is unambiguous, and the court agrees.

The settlement agreement states that "by releasing his contract claim, Willard Hurley does not release his right to pursue a bad faith claim against State Farm, and he hereby reserves his right to pursue such a claim." Docket 64-1 at 2. This language makes clear that Hurley reserved his right to bring a bad faith claim against State Farm as well as seek all remedies available under such a claim. As discussed in detail above, attorney's fees from a previously litigated contract claim can be an element of the compensatory damages a plaintiff can seek in a bad faith claim. Moreover, State Farm agreed during oral argument that the release in the settlement agreement would not extinguish Hurley's right to pursue all of his remedies under the bad faith claim. State Farm additionally agreed that the settlement agreement does not release any claim Hurley would have to the attorney's fees from the contract action if, in fact, Hurley could pursue such attorney's fees in his bad faith action. The court has already found that Hurley can seek the attorney's fees expended in the previous contract action as an element of compensatory damages in his bad faith action so long as the settlement agreement does not preclude such a claim.

Later in oral argument, however, State Farm argued that the language in the first paragraph of the settlement agreement forecloses any possibility Hurley has to recover the fees in question. The crux of the first paragraph is that State Farm's payment of $540,000 was in consideration for Hurley to

12

"fully and forever release and discharge State Farm . . . from any and all claims, demands, obligations, actions, causes of action, and all liability on account of any losses, injuries, damages, costs and expenses, including those now or hereafter arising, directly or indirectly, as a result of [the October 21, 2007, accident]." Docket 64-1 at 2. State Farm argues that "costs and expenses" include the attorney's fees in question and that Hurley released any and all claims to those fees. State Farm's argument falters because the language in the first paragraph conflicts with other language found in the settlement agreement. For example, the language in the first paragraph conflicts with the reservation of the bad faith claim because Hurley reserved all remedies available under his bad faith claim, including the attorney's fees he expended while litigating the contract action. The first paragraph also conflicts with language found later in the agreement that states that the $540,000 was "in consideration for physical injury . . . [and] that all payments by State Farm are solely attributable to all of the undersigned's claims arising out of and derivative of physical injuries and/or sickness related to the accident[.]" Docket 64-1 at 3. This language is more specific than the boilerplate language found in the first paragraph. Under South Dakota law, "when provisions conflict so that all cannot be given full weight, the more specific clauses are deemed to reflect the parties' intentions—a specific provision controls a general one." *State v. Greger*, 559 N.W.2d 854, 864 (S.D.

13

1997). Therefore, the court finds that the settlement agreement did not release Hurley's claim for attorney's fees as an element of compensatory damages in his bad faith action.

## CONCLUSION

In the insurance context, attorney's fees incurred while litigating a breach of contract action are generally available as an element of compensatory damages in a bad faith action. Here, the settlement agreement that the parties entered into to resolve Hurley's previous breach of contract action did not preclude Hurley from seeking the attorney's fees he expended during said contract action in the current bad faith action. Accordingly, it is

ORDERED that State Farm's motion for partial summary judgment (Docket 52) is denied.

Dated December 3, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE